[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE #107
The defendant, Stephen J. Urciuoli, moves to strike count five of the plaintiff's complaint on the ground that it fails to state a cause of action upon which relief can be granted. The plaintiff, Barbara O'Connell, argues that count five states a claim for negligent infliction of emotional distress.
To state a claim for negligent infliction of emotional distress, "the plaintiff has the burden of pleading that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm." (Internal quotation marks omitted.) Parsons v. UnitedTechnologies Corp., 243 Conn. 66, 88, 700 A.2d 66 (1997). Here, the plaintiff alleges that her husband, who was hospitalized at Bridgeport Hospital, authorized her to effectuate his wishes regarding the withholding and removal of life support through the execution of a "Living Will" and a "Designation and Appointment of Health Care Agent." The plaintiff further alleges that on April 26, 1997, the defendant removed life support from her husband without notifying the plaintiff or obtaining her consent. The plaintiff alleges that her husband died the following day, and that on that day the plaintiff was notified of the death by her son-in-law. According to the plaintiff, the defendant should have known that his actions created an unreasonable risk of causing emotional distress and that this distress might result in bodily harm. The plaintiff further alleges that she has suffered and continues to suffer severe emotional distress. The court finds that the plaintiff has adequately stated a claim for negligent infliction of emotional distress and therefore denies the motion to strike. See Parsons v. United Technologies. Corp.,
supra, 243 Conn. 88.
JOHN W. MORAN, JUDGE CT Page 1149